UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RESIDENTIAL CONSTRUCTORS, LLC, | § § § | |
| Plaintiff, | § § | Case No. 4:06-cv-00505-DJS |
| vs. | § § | |
| ADAMS INSURANCE SERVICE, INC., | § § | |
| Defendant. | § § | |

| | | |
|---|---|---|
| ADAMS INSURANCE SERVICE, INC., | § § | |
| Third Party Plaintiff, | § § | |
| vs. | § § | Case No. 4:06-cv-00505-DJS |
| COLEMONT BROKERAGE GROUP, INC., | § § | |
| Third Party Defendant. | § § | |

**ADAMS INSURANCE SERVICE, INC.'S**
**ORIGINAL THIRD-PARTY COMPLAINT**

Defendant/Third-Party Plaintiff Adams Insurance Service, Inc. ("AIS" or "Third-Party Plaintiff") files its Original Third-Party Complaint against Third-Party Defendant, Colemont Brokerage Group Inc., as follows:

**I.**
**PARTIES**

**1.01** Third-Party Plaintiff, Adams Insurance Service, Inc. is a corporation organized and operating under the laws of the state of Texas with its principal place of business in Harris County, Texas.

**1.02**   Third-Party Defendant, Colemont Brokerage Group Inc. ("Colemont" or "Third Party Defendant"), is a Texas corporation with its principal office located in Dallas County, Texas. Colemont may be served with process by serving its registered agent, C T Corporation System, 50 North St. Paul Street, Dallas, Texas 75201.

## II.
## VENUE

**2.01**   Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) as a substantial part of the events or omissions giving rise to AIS' claims occurred within the District.

## III.
## FACTUAL BACKGROUND

**3.01**   Plaintiff, Residential Constructors, LLC ("RC") has sued AIS in connection with a builders risk policy that was procured in connection with the construction of the Metropolis Lofts in Las Vegas, Nevada ("Project"). RC alleges that the policy in question was highly unusual because it contained a rain damage exclusion and that AIS improperly failed to inform it that it contained that exclusion. RC further alleges that AIS did not deliver the policy to it in a timely fashion. The carrier that issued the policy, ACE Property and Casualty Insurance Company ("ACE"), subsequently denied several claims made by RC in regards to rain damage suffered at the Project.

**3.02**   RC claims that as a result of AIS' conduct that it has been damaged in an amount greater than $4 million. RC has sued AIS for breach of oral contract, breach of fiduciary duty, negligence, and negligent misrepresentation. RC seeks its actual damages, punitive and exemplary damages in regards to its breach of fiduciary duty claim, interest, fees, costs, and such other and further relief as the Court may deem just and proper.

**3.03**   AIS did not procure the policy directly from ACE. Rather, AIS contracted with

Colemont for the procurement and delivery of the policy in question. To that end, AIS relied on Colemont's expertise and promises in regards to its procurement of the policy. Specifically, Colemont was responsible for procuring quotes for the policy, dealing with and answering any questions raised by underwriters and/or the carriers, negotiating the policy's commission rate, procuring and binding the policy, and delivering the policy to AIS. As a result, if AIS is found liable to RC, all or part of that liability should be borne by Colemont as a result of its actions in this matter.

## IV.
## CAUSES OF ACTION

### A.  Contribution & Indemnity

**4.01**  Third-Party Plaintiff reasserts and repleads, by reference, the allegations contained in the foregoing paragraphs as if fully set forth herein. Because of the acts and omissions of Colemont alleged above, if RC's allegations are correct, which AIS denies, Colemont caused or contributed to cause the harm for which the recovery of damages is sought, whether by negligent act or omission, by breach of an oral agreement or by other conduct that violates an applicable legal standard. Therefore, AIS sues Colemont for contribution and indemnity in an amount within the jurisdictional limits of this Court, and for no less than the full measure of damages sought by RC.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Third-Party Plaintiff Adams Insurance Service, Inc. prays that Third-Party Defendant, Colemont Brokerage Group, Inc. be cited to appear and answer herein, and that Third-Party Plaintiff have and recover judgment against Third-Party Defendant for contribution and indemnity as set forth above, together with

3

prejudgment and post-judgment interest on all amounts awarded herein at the maximum rates allowed by law, and Third-Party Plaintiff prays for its reasonable and necessary attorney's fees, and that Third-Party Plaintiff go hence with costs, and for such other and further relief, both general and special, at law and in equity, to which Third-Party Plaintiff may show itself to be justly entitled.

        Respectfully submitted,

        **RYNEARSON, SUESS,**
        **SCHNURBUSCH & CHAMPION, LLC**

        BY *Sam P. Rynearson by permission*
        Sam P. Rynearson   #4243
        Susan M. Herold    #36970
        Attorneys for Defendant
        1 S. Memorial Drive, 18th Floor
        St. Louis, MO 63102
        Phone: 314-421-4430
        Fax: 314-421-4431

Of Counsel:

James M. Cleary, Jr.
State Bar No. 00783838
Martin, Disiere, Jefferson & Wisdom, L.L.P.
808 Travis, Suite 1800
Houston, Texas 77002
Telephone:   713.632.1700
Facsimile:    713.222.0101
*Admitted Pro Hac Vice*

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Original Third-Party Complaint has been forwarded to all known counsel via facsimile and/or certified mail, return receipt requested, on the 23rd day of April, 2007, as follows:

>Byron E. Francis
>Armstrong Teasdale LLP
>One Metropolitan Square, Ste. 2600
>St. Louis, Missouri 63102-2740
>
>Michael J. O'Connor
>Edward E. Weiman
>Amanda M. Leith
>White O'Connor Curry, LLP
>10100 Santa Monica Blvd., 34th Floor
>Los Angeles, California 90067

and by regular mail to:

>Sam P. Rynearson
>Susan M. Herold
>Rynearson, Suess, Schnurbusch & Champion, LLC
>1 S. Memorial Drive, 18th Floor
>St. Louis, MO 63102

_____
JAMES M. CLEARY, JR.